IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR EARL THOMPSON III | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-2305-M-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Arthur Earl Thompson III, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

In August 2009, petitioner was released to parole after serving part of a 30-year sentence for four aggravated robberies. Less than two months later, petitioner was arrested on two new charges -- felony retaliation and misdemeanor telephone harassment. The retaliation charge was no billed by the grand jury. While the telephone harassment charge was pending, petitioner's parole was revoked based on conduct related to that offense. Thereafter, the telephone harassment case was dismissed at the request of the complaining witness. Petitioner challenged his parole revocation on state collateral review. The Texas Court of Criminal Appeals denied relief without written order. *Ex parte Thompson*, WR-22,889-02, WR-22,889-03, WR-22,889-04 & WR-22,889-05 (Tex. Crim. App. Aug. 3, 2011). Petitioner then filed this action in federal district court.

II.

In four grounds for relief, petitioner contends that he was denied due process in connection with his revocation hearing because: (1) his parole was revoked based on an unadjudicated criminal charge; (2) the evidence was insufficient to support revocation; (3) the parole board was biased against him; and (4) the revocation of his parole without due process violated his "liberty interest."

A.

The gravamen of petitioner's due process claim is that his parole should not have been revoked based on the unadjudicated charge of telephone harassment and the uncorroborated testimony of the harassment victim. Judicial review of a decision to revoke parole "is quite circumscribed." *Villarreal v. U.S. Parole Comm'n*, 985 F.2d 835, 839 (5th Cir. 1993). Due process requires only that there be "some evidence" in the record to support the decision to revoke parole. *Id.* Unlike a criminal prosecution where the state must prove the elements of an offense beyond a reasonable doubt, the burden of proof in a parole revocation hearing is considerably lower. *Id.*; *see also Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). "All that is required for revocation is that the evidence and facts reasonably demonstrate that the person's conduct has not been as good as required by the terms and conditions of his release." *Bursey v. Quarterman*, No. 3-06-CV-1899-D, 2007 WL 2402994 at *2 (N.D. Tex. Aug. 22, 2007), *citing Mack v. McCune*, 551 F.2d 251, 254 (10th Cir. 1977).

Petitioner was charged with violating his parole contract by, *inter alia*, committing the misdemeanor offense of telephone harassment. *See Ex parte Thompson*, WR-22,889-02, WR-22,889-03, WR-22,889-04 & WR-22,889-05, Tr. at 60-65. At the revocation hearing, the harassment victim testified that petitioner called her several times at home and at work after being told not to

do so, and that some of those calls were threatening in nature. *Id.*, Tr. at 48. Petitioner admitted calling the victim once at home and once at work to obtain information about his work history. *Id.* However, petitioner denied threatening the victim and said he was never told to stop calling. *Id.* The hearing officer found that petitioner violated the conditions of his release by committing the offense of telephone harassment, and recommended that his parole be revoked. *Id.*, Tr. at 48-50. That recommendation was subsequently adopted by the parole board. *Id.*, Tr. at 43-44.

The court has little difficulty concluding that the testimony of the victim, even if controverted by petitioner, constitutes "some evidence" to support the decision to revoke his parole. That the telephone harassment charge was later dismissed does not bar parole authorities from revoking petitioner's release based on such conduct. *See, e.g. Else v. Johnson*, 104 F.3d 82, 83 (5th Cir. 1997) (parole board did not violate due process by considering dismissed criminal charge at revocation hearing); *Villarreal*, 985 F.2d at 839 (same); *Calahan v. Quarterman*, No. 3-07-CV-0746-B, 2008 WL 2123748 at *2 (N.D. Tex. May 19, 2008) (citing cases) (same as to criminal charge that was never prosecuted). This ground for relief should be overruled.

B.

Next, petitioner contends the parole board was biased against him because the telephone harassment victim is employed by the Texas Department of Criminal Justice and her spouse is employed by the Anderson County Sheriff's Office. Petitioner does not elaborate on this claim, other than to suggest that the assignment of a "special prosecutor" to handle the retaliation and telephone harassment cases demonstrates bias. (*See* Pet. Mem. Br. at 9-10). These vague, self-serving, and conclusory allegations are insufficient to merit habeas relief. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (bald assertions in *pro se* habeas petition have no probative evidentiary value).

C.

Nor has petitioner shown that his parole was denied without proper due process procedures. A parole revocation proceeding must satisfy the minimum requirements of due process and fundamental fairness, including: (1) written notice of the alleged parole violations; (2) disclosure of the evidence against the violator; (3) an opportunity to be heard in person and present witnesses and documentary evidence; (4) the ability to cross-examine and confront witnesses unless there is good cause to disallow such confrontation; (5) a neutral decision-maker; and (6) a written statement of the evidence relied upon and the reasons for revoking parole. *See Morrissey*, 92 S.Ct. at 2604. The state court record shows that petitioner received all these due process rights in connection with his parole revocation. *See Ex parte Thompson*, WR-22,889-02; WR-22,889-03; WR-22,889-04 & WR-22,889-05, Tr. at 43-90. Indeed, other than his conclusory allegation of bias, petitioner does not contend otherwise. This ground for relief should be overruled.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   December 19, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE